IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RICHARD W. CRAIG,                      §
                                       §
            Plaintiff,                 §
                                       §
VS.                                    §   NO. 4:05-CV-249-A
                                       §
JO ANNE B. BARNHART,                   §
COMMISSIONER OF SOCIAL SECURITY,       §
                                       §
            Defendant.                 §


MEMORANDUM OPINION
and
ORDER

      Came on for consideration the above-captioned action wherein

Richard W. Craig ("Craig") is plaintiff and the Commissioner of

Social Security, currently Jo Anne B. Barnhart ("the

Commissioner"), is defendant.  On January 23, 2006, the United

States Magistrate Judge issued his proposed findings,

conclusions, and recommendation to affirm the Commissioner's

decision that Craig's disability insurance benefits should cease

for a certain period of time.  The magistrate judge granted the

parties until February 13, 2006, in which to file and serve any

written objections thereto.  Craig timely filed his objections,

to which the Commissioner responded on February 27, 2006.

I.

Factual Background

      This case involves a dispute over the cessation of

disability benefits due to alleged medical improvement.

Effective March of 1991, primarily for back-related problems

caused by an accident at work, the Commissioner awarded Craig

disability benefits.  R. at 230-33.[1]  Because of the probability
of medical improvement, however, the Commissioner expressly
recommended that Craig be re-examined after a reasonable time for
rehabilitation.  Id. at 233.  In keeping with that
recommendation, in February of 1997, Craig was re-examined and
found to have medically improved in relation to his ability to
work.  Id. at 253, 270-78.  In 1998, that determination was
confirmed by an Administrative Law Judge ("ALJ"), and, in 2001,
the Appeals Council refused review of that decision.  Id. at 7.
Craig then sought judicial review from this court.  On motion of
the Commissioner, however, the case was reversed and remanded for
further administrative proceedings.  See October 2, 2002,
Judgment in Craig v. Barnhart, No. 4:01-CV-812-A (N.D. Tex.
2002).

In October 2004, the ALJ again determined that Craig had
experienced medical improvement relative to his ability to work.
Specifically, he found that Craig had regained the functional
capacity for sedentary work that did not require prolonged
sitting, standing, or walking and also provided frequent
opportunities to sit or stand.  R. at 396.  Although the ALJ
found Craig unable to perform his past work of, among other
things, being a truck driver and equipment repairman, the ALJ
found, after considering the testimony of a vocational expert,
that there were thousands of jobs in Texas that Craig, with his

---

[1]The record in this case consists of three volumes of evidence, each
page of which is numbered sequentially.  Citations to the record will be to
"R. at ___."

limitations, could perform.  Id. at 397, ¶ 8 to 398, ¶ 13.  Craig

now seeks reversal of that decision and a judgment awarding him

the disability benefits at issue.[2]

II.

Standards of Review

In the Benefits Review Act of 1984, 42 U.S.C. 423(f),

Congress established specific standards for the termination of

disability benefits.  Griego v. Sullivan, 940 F.2d 942, 943 (5th

Cir. 1991).  Specifically, the Commissioner bears the burden of

showing medical improvement by demonstrating that the claimant's

medical condition has improved, that the improvement is related

to the claimant's ability to work, and that the claimant is

currently able to engage in substantial gainful activity.  Id. at

943-44.

Medical improvement is any decrease in the medical severity

of the impairment(s) present at the time of the most recent

favorable medical decision that the claimant was disabled.  20

C.F.R. § 404.1594(b)(1).  And a medical improvement is related to

an individual's ability to work "if there has been a decrease in

the severity . . . of the impairment present at claimant's most

recent favorable medical decision and an increase in [the

individual's] functional capacity to do basic work activities."

Id. at § 404.1594(b)(3).

---

[2]The ALJ also determined that Craig again became disabled on March 2,
2002, his fiftieth birthday.  Though the reasons for this finding are poorly
articulated and thus unclear, because neither the Commissioner nor Craig
dispute this subsequent finding of disability, the court does not address that
issue here.

As to whether a claimant can engage in substantial, gainful
activity, the first consideration is whether the claimant can
perform past relevant work and, if not, whether the claimant can
perform other work.  See Griego, 940 F.2d at 944.  Whether the
claimant can perform other work than done in the past is to be
determined based upon the functional-capacity assessment of the
claimant as well as the claimant's age, education, and past work
experience.  See 20 C.F.R. § 404.1594(f)(8).

This court reviews the Commissioner's decision only to
determine whether the it is supported by substantial evidence and
whether the decision complies with applicable legal standards.
Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989).  If
supported by substantial evidence, the Commissioner's findings
are conclusive and must be affirmed.  Richardson v. Perales, 402
U.S. 389, 390 (1971).  The court may not reweigh the evidence or
substitute its opinion for that of the Commissioner, but must
scrutinize the record in its entirety to ascertain whether
substantial evidence exists to support the Commissioner's
findings.  Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987).
Substantial evidence is more than a mere scintilla, less than a
preponderance, and is such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion.  Crouchet, 885
F.2d at 204.  In determining whether the Commissioner's decision
is supported by substantial evidence, the court considers (1)
objective medical facts and clinical findings, (2) diagnosis of
examining physicians, (3) subjective evidence of pain and

4

disability as testified to by the claimant, and (4) the claimant's age, education, and work history.  Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981).  "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendation, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court now makes that determination in the context of the basic principles mentioned above.

III.

Rulings on Craig's Objections

A.   No Increase in Functional Capacity

The gist of Craig's primary objection is fairly straightforward.  While conceding medical improvement, he urges that there was no corresponding increase in his functional

5

capacity to do work as required.  See 20 C.F.R. § 404.1594(b)(3).
The basis, however, for this objection is not so clear.  Having
reviewed the entire record, including the parties' initial
briefing to the magistrate judge, Craig's support for this
objection appears to be based on a very selective comparison of
the two determinations regarding his functional capacity, one
favorable, one not.

Specifically, the most recent favorable decision that Craig
was disabled occurred on March 23, 1993, when the Commissioner
found Craig to be disabled with an onset date of March 11, 1991,
and hence entitled to disability benefits from that date.  See R.
at 233, 272.  Craig urges that, in March of 1993, the ALJ
determined that: "The claimant's residual functional capacity for
the full range of sedentary work is reduced by severe pain and
weakness, the inability to engaged in prolonged sitting, the
inability to lift and carry up to 10 pounds, and the inability to
do occasional standing and walking."  See Pl.'s Objections at 2;
see also R. at 232, ¶ 7.  The most recent determination as to
Craig's functional capacity, in which an increase in that
capacity was found, occurred in 2004.  R. at 390-99.  As part of
that determination, the ALJ gave controlling weight to the
opinion of Craig's treating physician, Dr. Neece, that Craig
would have difficulty with prolonged sitting, standing, lifting,
and carrying.  Id. at 397.

Craig argues that a comparison of the two determinations
yields the same functional capacity.  Therefore, there was no

increase in Craig's functional capacity to do work and, hence, no

medical improvement relative to his ability to work.  The court

wholeheartedly concurs with the magistrate judge that Craig's

analysis is conveniently narrow.  See Findings, Conclusions and

Recommendation of Magistrate Judge at 11.  Indeed, his analysis

simply ignores the substantial evidence of the increase in his

functional capacity to work.

A fairer review of the evidence considered by the ALJ in its

1993 finding of disability indicates that, during that time

frame, Craig could barely walk, was virtually bed-ridden, could

only carry 5 pounds maximum, could stand or walk for only one

hour in an eight-hour workday, and could sit for only four hours

total.  R. at 231.  Craig's condition in 1997,[3] when the initial

decision of non-disability due to medical improvement was made,

presents a stark contrast.  Specifically, his February 1997

medical examination revealed that, though he had a decreased

range of motion in his neck, Craig had a full range of motion in

his upper and lower extremities and, tellingly as far as any

pain, was not taking any medications whatsoever.[4]  R. at 273.

_____

[3]In its 2004 decision, the ALJ without explanation considered medical evidence well beyond 1997.  See, e.g., R. at 392-96.  While neither Craig nor the Commissioner objected to this, the court has nonetheless tried to limit its focus to the medical evidence through March of 1997 when the ALJ made its initial determination that Craig was disabled.  So limited, the court still concludes that there was substantial evidence of an increase in Craig's functional capacity to work.

[4]Craig was involved in a mild car accident in March of 1997.  He was rear-ended while at a full stop.  He was wearing his seatbelt.  Notably, he waited a couple of days before seeking any medical attention.  When he did, the results of the examination were unremarkable.  Though the doctor noted cervical and lumbar strain, he found no gross or motor deficits and also found that Craig had a good grip in both hands.  See R. at 319.

In short, the arguably boilerplate and clearly cherry-picked
language from the ALJ's 1993 opinion upon which Craig relies
paints a misleading picture as to his functional capacity in
1997.

So does Craig's interpretation of Dr. Neece's opinion, to
which the ALJ in 2004, gave controlling weight, as to Craig's
ability for standing, sitting, or walking.  R. at 334-337.
Essentially, Craig argues that Dr. Neece opined that he was
unable to sit, stand, or walk in any combination during an eight-
hour workday.  See Pl.'s Objections at 2.  The court disagrees.
The court believes that the ALJ properly interpreted Dr. Neece's
opinion to be that Craig could not engage in these activities on
a prolonged basis.  Even assuming, however, some ambiguity in Dr,
Neece's opinion, there is nonetheless substantial evidence to
support the ALJ's view that Dr. Neece's opinion was that Craig
could engage in these activities with appropriate breaks in
between.

B.   The Vocational Expert

Craig also objects that, because there is no medical
improvement relative to plaintiff's ability to perform work, the
ALJ erred by having a vocational expert testify as to the
existence of jobs suitable for him.  See Pl.'s Objections at 3-4.
Because, a discussed above, there is substantial evidence on this
issue, this objection is equally without merit.

C.   Other Suitable Jobs

Craig further objects to a lack of substantial evidence

8

that he can perform other work in the national economy on a regular and continuing basis.  The court is unpersuaded.  The substantial evidence is that there were thousands of jobs in Texas that Craig, even with his alleged physical limitations, could perform.  <u>See</u> R. 338, ¶ 13.[5]

                                IV.

                       Conclusion and Order

     For the reasons stated above, all of Craig's objections are without merit.  Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendation. Consistent therewith,

     The court ORDERS that the Commissioner's decision that Craig was not disabled between March 31, 1997, and March 1, 2002, and consequently not entitled under Title II of the Social Security Act to disability benefits during that period of time, be, and is hereby, affirmed.

     SIGNED August 16, 2006.

                              ___/s/ John McBryde_____
                              JOHN McBRYDE
                              United States District Judge

_____

     [5]Any remaining objections are duplicative of the ones already discussed and thus are denied as well.